# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| INGEVITY CORP., <br> INGEVITY SOUTH CAROLINA, LLC, <br>            Plaintiffs, <br>     v. <br> MAHLE FILTER SYSTEMS NORTH AMERICA, INC., <br>            Defendant. | Case No. 18-cv-6158 |

## INGEVITY CORP. AND INGEVITY SOUTH CAROLINA, LLC'S COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Ingevity Corporation ("Ingevity") and Ingevity South Carolina, LLC ("Ingevity LLC") (collectively, "Plaintiffs"), by and through their attorneys, for their complaint against MAHLE Filter Systems North America, Inc. ("MAHLE") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for damages and injunctive relief arising under the Patent Laws of the United States, 35 U.S.C. § 1, et seq.

## THE PARTIES

2. Plaintiff Ingevity is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 5255 Virginia Avenue, North Charleston, SC 29406 USA.

3. Plaintiff Ingevity LLC is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at 5255 Virginia Avenue, North Charleston, SC 29406 USA. Ingevity LLC is a wholly owned subsidiary of Ingevity. The

corporate officers of Ingevity LLC are the same as the corporate officers of Ingevity. Ingevity LLC has no employees. Ingevity exercises complete control over its subsidiary Ingevity LLC.

4. Ingevity LLC is the owner by assignment of U.S. Patent No. RE38,844 ("the '844 Patent"). A copy of the '844 Patent is attached as Exhibit A. Ingevity is Ingevity LLC's exclusive licensee of the '844 Patent.

5. Upon information and belief, MAHLE is a company organized and existing under the laws of the State of Delaware, having a principal place of business located at 906 Butler Drive, Murfreesboro, Tennessee 37127 USA. Upon further information and belief, MAHLE also has a regular and established place of business at 4814 American Road, Rockford, Illinois 61109 USA.

## JURISDICTION AND VENUE

6. This action for patent infringement arises under federal law, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*

7. This Court has personal jurisdiction over MAHLE by virtue of its presence in Illinois, having conducted business in Illinois, and having engaged in systematic and continuous contacts with the State of Illinois. MAHLE maintains continuous and systematic contacts with this District. Either directly, or through its subsidiaries, agents, and/or affiliates, MAHLE has conducted and continues to conduct substantial and routine business in this District, including, on information and belief, by manufacturing, marketing, and selling infringing products throughout the United States and in the Northern District of Illinois. These acts cause injury to Plaintiffs within this District.

8.	Venue is proper in this court pursuant to 28 U.S.C. §§ 1391 and 1400(b). MAHLE has a regular and established place of business in Rockford, IL, which is in the Northern District of Illinois, MAHLE has committed acts of infringement (described in more detail below) within this District, and a substantial part of the events giving rise to the claims occurred in this District.

## BACKGROUND

9.	For over 50 years, Ingevity operated as a division of Westvaco Corporation, and then of its successors MeadWestvaco Corporation and WestRock Company.  In May 2016, Ingevity completed its separation from its corporate parent WestRock Company.  Ingevity is currently a global leader in the manufacture of specialty chemicals and high-performance activated carbon materials.

10.	Activated carbon is a form of carbon that is processed to have small pores that increase the material's total surface area.  This increased surface area promotes "adsorption"—the adhesion of a substance from a gas or liquid to a surface.  Activated carbon has numerous practical uses.  For example, gasoline is known to emit vapors, including volatile organic compounds ("VOCs"), which can be harmful to the environment and result in a loss of fuel. Fuel vapor canister systems equipped with activated carbon can be used to adsorb gasoline vapors in an automobile to prevent them from being emitted into the atmosphere.  The adsorbed gasoline vapors can be purged from the activated carbon and directed to the engine where the gasoline vapors are then used as supplemental fuel for the vehicle.

11.	Globally, Ingevity's products have collectively prevented over 20,000 metric tons of VOC emissions each day from being emitted into the atmosphere and have returned the equivalent of eight million gallons of gasoline each day as supplementary fuel for vehicles.  For

example, Ingevity manufactures various types of activated carbon material that can be used in fuel vapor canisters. Through decades of innovation, Ingevity has been able to offer products that have advantages over its competitors' products.

## PATENT-IN-SUIT

12. The '844 Patent is entitled "Method for Reducing Emissions From Evaporative Emissions Control Systems." The '844 Patent is a reissue of U.S. Patent No. 6,540,815 ("the '815 Patent"). At the time that the application leading to the '844 Patent was filed, the concern in the art was "the hydrocarbon left on the carbon adsorbent itself as a residual 'heel' after the regeneration (purge) step." '844 Patent, 2:42-44. These emissions "typically occur when a vehicle has been parked and subjected to diurnal temperature changes over a period of several days, commonly called 'diurnal breathing losses.'" *Id.*, 2:44-47. The inventions of the '844 Patent "sharply reduc[e] diurnal breathing loss emissions from evaporative emissions canisters by the use of multiple layers, or stages, of adsorbents." *Id.*, 3:43-45.

## FACTUAL ALLEGATIONS

13. Upon information and belief, MAHLE is currently manufacturing, marketing, offering to sell, selling, and importing unlicensed fuel vapor canisters that infringe the '844 patent, using an activated carbon product that is not provided by Ingevity to MAHLE, such product being known as Macro-Porous Activated Carbon ("MPAC-1").

14. Upon information and belief, a representative diagram of an infringing fuel vapor canister containing MPAC-1 and incorporated into a 2017 Chrysler Pacifica is provided below.



15.     Upon information and belief, MAHLE is currently manufacturing, marketing, offering to sell, selling, and importing infringing fuel vapor canisters using its MPAC-1 product for incorporation into a number of automobile platforms, including, for example, 2017 Chrysler Pacifica, 2018 Nissan Versa, 2018 Nissan Altima, 2018 Nissan Rogue, and 2018 Honda Accord.

## COUNT I

### (Infringement of U.S. Patent No. RE38,844)

16.     Plaintiffs reallege paragraphs 1 through 15 as though fully set forth herein.

17.     Upon information and belief, MAHLE has infringed and continues to infringe the '844 Patent, in this judicial district and elsewhere in the United States, directly under 35 U.S.C. § 271(a) and indirectly under at least 35 U.S.C. §§ 271(b) & (c).

18.     MAHLE has directly infringed and continues to directly infringe at least one claim of the '844 Patent, literally and/or under the doctrine of equivalents.  For example, upon information and belief MAHLE tests, demonstrates, or otherwise operates in the United States unlicensed multi-stage fuel vapor canisters that incorporate MPAC-1 and at least one other activated carbon adsorbent.  In addition, MAHLE directly infringes at least one claim of the '844

Patent by making, selling, and/or offering for sale unlicensed multi-stage fuel vapor canisters that incorporate MPAC-1 and at least one other activated carbon adsorbent. Upon information and belief, the infringing fuel canisters that incorporate MPAC-1 exhibit "an incremental adsorption capacity [at 25° C.] of less than 35 g n-butane/L between vapor concentrations of 5 vol % and 50 vol % n-butane," as recited by independent claims 1, 18, 31, and 43 of the '844 Patent.

19. MAHLE actively induces infringement by others (*e.g.*, its customers) of at least one claim of the '844 Patent. For example, MAHLE's customers directly infringe, literally and/or under the doctrine of equivalents, when they use, sell, or offer for sale unlicensed multi-stage fuel vapor canisters provided by MAHLE that incorporate MPAC-1 and at least one other activated carbon adsorbent. MAHLE's customers also directly infringe, literally and/or under the doctrine of equivalents, when they manufacture, use, sell, or offer for sale evaporative emissions controls systems using unlicensed multi-stage fuel vapor canisters provided by MAHLE that incorporate MPAC-1 and at least one other activated carbon adsorbent. MAHLE knowingly induces such infringement and possesses specific intent to encourage such infringement. MAHLE has had actual notice of the '844 Patent since at least March 2015, when MAHLE entered into a memorandum of understanding with Ingevity concerning the '844 patent.

20. MAHLE contributes to the infringement by others (*e.g.*, its customers) of at least one claim of the '844 Patent. MAHLE's customers directly infringe, literally and/or under the doctrine of equivalents, when they use, sell, or offer for sale unlicensed multi-stage fuel vapor canisters provided by MAHLE that incorporate MPAC-1 and at least one other activated carbon adsorbent. MAHLE's customers also directly infringe, literally and/or under the doctrine of equivalents, when they manufacture, use, sell, or offer for sale evaporative emissions controls

systems using unlicensed multi-stage fuel vapor canisters provided by MAHLE that incorporate MPAC-1 and at least one other activated carbon adsorbent. MAHLE contributes to this infringement by offering for sale, selling, and/or importing unlicensed multi-stage fuel vapor canisters that incorporate MPAC-1 for use in manufacturing evaporative emissions control systems and reducing fuel vapor emissions in such systems. The unlicensed multi-stage fuel vapor canisters that incorporate MPAC-1 constitute a material part of the '844 Patent because MPAC-1 exhibits "an incremental adsorption capacity [at 25° C.] of less than 35 g n-butane/L between vapor concentrations of 5 vol % and 50 vol % n-butane." *See* '844 Patent Abstract. As set forth above with respect to inducement, MAHLE knows of the invention of the '844 Patent and knows that the unlicensed multi-stage fuel vapor canisters that incorporate MPAC-1 are made for, or adapted to use in, the invention of the '844 Patent. Finally, the unlicensed multi-stage fuel vapor canisters that incorporate MPAC-1 have no substantial non-infringing use.

21. MAHLE's acts of infringement have been and continue to be knowing, intentional, and willful. MAHLE has had actual notice of the '844 Patent since at least March 2015, when MAHLE entered into an MOU with Ingevity. Treble damages are therefore warranted, pursuant to 35 U.S.C. § 284.

22. MAHLE's acts of infringement of the '844 Patent have caused and will continue to cause Plaintiffs substantial and irreparable injury, for which Plaintiffs are entitled to receive damages and injunctive relief adequate to compensate Plaintiffs for such infringement.

## JURY DEMAND

23. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs respectfully request a trial by jury on all issues.

**REQUESTED RELIEF**

Plaintiffs respectfully seek the following relief:

a) The entry of judgment declaring that MAHLE has infringed the '844 Patent;

b) The entry of judgment that MAHLE's infringement has been willful;

c) An award of all available damages, including, but not limited to Ingevity's lost profits from MAHLE's infringement of the patent-in-suit, but in any event not less than a reasonable royalty, together with pre-judgment and post-judgment interest;

d) An injunction restraining MAHLE and its affiliates, subsidiaries, officers, directors, agents, servants, employees, representatives, licensees, successors, assigns, and all those acting for them and on their behalf, from further infringement, further inducements of infringement, and further contributions to infringement of the patent-in-suit;

e) The entry of an order that the damages award be increased up to three times the actual amount assessed, as provided by 35 U.S.C. § 284;

f) The entry of an order declaring that this is an exceptional case and awarding Plaintiffs their costs, expenses, and reasonable attorney fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

g) An order awarding Plaintiffs any such other relief as the Court may deem just and proper under the circumstances.

Dated: September 7, 2018        By:   /s/ Steven P. Mandell
                                      Steven P. Mandell
                                      Stephen J. Rosenfeld
                                      MANDELL MENKES, LLC
                                      One North Franklin, Suite 3600
                                      Chicago, Illinois 60606
                                      Telephone: (312) 251-1001

                                      OF COUNSEL:

                                      Jeffrey T. Thomas
                                      GIBSON, DUNN & CRUTCHER LLP
                                      3161 Michelson Dr.
                                      Irvine, CA 92612-4412
                                      (949) 451-3800

                                      Brian M. Buroker
                                      GIBSON, DUNN & CRUTCHER LLP
                                      1050 Connecticut Avenue, N.W.,
                                      Washington, DC 20036-5306
                                      (202) 955-8500

                                      Frederick S. Chung
                                      GIBSON, DUNN & CRUTCHER LLP
                                      1881 Page Mill Road
                                      Palo Alto, CA 94304-1211
                                      (650) 849-5300

                                      *Counsel for Plaintiffs Ingevity Corp. and
                                       Ingevity South Carolina, LLC*